IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN C. GIDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-374 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28] filed on March 28, 2014. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, John C. Gidley, applied for Disability Insurance Benefits and Supplemental Security Income and was found not disabled by the Social Security Administration. Gildey appealed the decision to this court, and on December 30, 2013, the court remanded the ALJ's decision for further proceedings. On March 28, 2014, Gildey filed the instant motion for attorney's fees, requesting $10,245.02 for 54 hours of work, plus costs of $20.10. The Commissioner disputes whether the amount of time billed was reasonable.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. **28 U.S.C. § 2412(d)(1)(A);** *see also* ***Commissioner, I.N.S. v. Jean***, 496 U.S. 154, 154, 110 S.Ct.

1

2316, 110 L.Ed.2d 134 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a prevailing party; (2) a showing that the application is eligible to receive an award; (3) a showing of the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and (4) an allegation that the position of the United States was not substantially justified. **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The Commissioner agrees that Gildey was the prevailing party, is eligible to receive an award, and that the position of the United States was not substantially justified. However, the Commissioner disputes whether the amount of time his attorney billed was reasonable. Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority. **Hensley v. Eckerhart**, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See* **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1940. The amount of a fee award is left to the discretion of the district court because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *See* **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1940; **Montanez v. Simon**, No. 13-1692, 2014 WL 2757472, at *6 (7th Cir. 2014)(explaining that the court has broad discretion to strike vague or unjustified billing entries).

The Commissioner argues that because the record was relatively small and the case did not involve any complex or novel issues, it did not warrant 31 hours of work reviewing the record and 54 hours of attorney time in total. The Commissioner explains that the record was 433 pages and that the medical evidence did not even begin until page 322, so that it contained only 111 pages of medical evidence. The Commissioner further states that the cases on which Gidley relied to show that the amount of time spent was reasonable were not comparable because Gidley, who bears the burden of proof, has not demonstrated that they were similar with respect to the volume of background materials and complexity of issues presented.

In his reply brief, Gidley referred the court to a similar case that awarded attorney's fees for 46.2 hours of work. In *Bryan v. Astrue*, 2010 WL 438384, *2 (N.D. Ill. 2010), the court explained that a 403 page record was rather large and that the 21 page opening brief and 10 page reply reasonably could have taken the amount of time billed even if the arguments were not novel. Similarly, the record here contained 433 pages and, as Gidley points out, many of the doctor's notes were handwritten which required additional time to review. Gidley's counsel also prepared a 24 page memorandum that contained four distinct issues and a lengthy synopsis of the medical facts and procedural history. This court issued a thirty-two page Opinion and Order, which further demonstrates that the case was not routine. *See Bryan*, 2010 WL 438384, *2 n. 2 (considering size of court's Opinion and Order)(citing *Dominguese v. Barnhart*, 2002 WL 32318281, *6 (E.D.Wis. July 12, 2002)(same)). In addition, the Commissioner has failed to identify any specific entries that were unreasonable. *See Gibson ex rel. C.E. v. Astrue*, 2013 WL 250668, *4 (N.D. Ill. Jan. 23, 2013)(explaining that the hours would not be reduced because the Commissioner did not specify a single entry that he claimed to be unreasonable)(citing *Schulton*

*v. Astrue*, 2010 WL 2135474, at *1 (N.D. Ill. 2010)). Taking all of this into consideration, the court finds that the time Gidley's counsel billed was reasonable.

Based on the foregoing reasons, the court **GRANTS** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28]. The Commissioner is **ORDERED** to pay $10,544.69 in attorney's fees and costs. If counsel can verify that Gidley owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Gidley's attorney if the parties have a signed EAJA assignment.

ENTERED this 7th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge